IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KASEEM HURLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-01222-CV-W-ODS |
| | ) | |
| VENDTECH-SGI, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER (1) GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION IN LIMINE, AND (2) GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE</u>

Pending are Defendant's Motion in Limine (Doc. #51), and Plaintiff's Motion in Limine (Doc. #53). As set forth below, both motions are granted in part and denied in part. The parties are reminded these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial justifying a change in the Court's interlocutory ruling.

**Defendant's Motion in Limine**

**(1)    "David and Goliath" evidence or arguments**

Defendant seeks to exclude comments or references to Defendant's size or wealth, Plaintiff's wealth, or comparing Defendant's wealth or size to Plaintiff's wealth. Additionally, Defendant asks the Court to prohibit Plaintiff from making comments that characterize this case as one involving an individual against a large corporation; referring to Defendant's ability to pay a judgment or afford counsel; indicating the number of attorneys appearing on behalf of Defendant; or mentioning the cost of

defense, the number of attorneys or offices of Defendant's counsel, nature or number of exhibits, demonstrative exhibits, and witness fees.

Plaintiff opposes the motion, arguing he should be able to argue Plaintiff, an individual, is standing up for his rights that Defendant, a corporation, did not respect. Plaintiff also maintains he should be permitted to inquire during voir dire if any of the jurors know of any of the defense attorneys or attorneys at their law firm. Finally, Plaintiff contends he should be permitted to introduce evidence of Defendant's finances, size, and ability to pay punitive damages.

The Court grants Defendant's motion. In the eyes of the law, there is no difference between Plaintiff and Defendant. With regard to Plaintiff's second concern, the Court will inquire during voir dire if any panel member knows the attorneys or law firms involved in the case. With regard to Plaintiff's third concern, if the Court decides to submit the issue of punitive damages to the jury, Plaintiff will be permitted to elicit and present relevant evidence.

**(2)  Hearsay statements**

Defendant asks that all hearsay statements be excluded. Plaintiff does not oppose this motion. Pursuant to Rule 802 of the Federal Rules of Evidence, hearsay statements will not be admitted, unless they meet an exception to the hearsay rule. This motion is granted.

**(3)  Evidence purportedly showing an inference of discrimination**

Defendant anticipates Plaintiff may attempt to elicit testimony and/or introduce documents related to other employees disciplined by Defendant to show an inference of discrimination. Defendant believes Plaintiff will introduce evidence regarding other employees of Defendant who were treated differently. Defendant makes no reference in this motion to Stanford Fassett, whose lawsuit is also pending in this Court. But Defendant informs the Court in a footnote to Motion in Limine No. 4 that it does not intend to preclude either party from referencing Fassett's case. Plaintiff opposes this motion. He argues the MHRA is more expansive as to the types of evidence that can be utilized to show race contributed to an employer's decision, and evidence that

similarly situated individuals who were treated differently than Plaintiff was could be admissible to show an inference of discrimination.

While the substantive law of Missouri governs this diversity case, "[t]he Federal Rules of Evidence govern the admissibility of evidence." *Sosna v. Binnington*, 321 F.3d 742, 744-45 (8th Cir. 2003). "Evidence of other employer actions is admissible when it supports an inference of discrimination." *Bradford v. Norfolk S. Corp.*, 54 F.3d 1412, 1419 (8th Cir. 1995) (citation omitted). This evidence "must assist in the development of a reasonable inference of discrimination within the context of each case's respective facts." *Id*. "A plaintiff may prove allegations of disparate treatment by demonstrating that he was treated less favorably than similarly situated employees outside the plaintiff's protected class." *E.E.O.C. v. Kohler Co.*, 335 F.3d 766, 776 (8th Cir. 2003) (citations omitted). "Employees are similarly situated when they are involved in or accused of the same offense and are disciplined in different ways." *Id.* (citations omitted); *see also Jain v. CVS Pharmacy, Inc.,* 779 F.3d 753, 759 (8th Cir. 2015).

The parties focus their arguments on four individuals: Bohrn, Anderson, Brown, and Hill. Bohrn was accused of making inappropriate remarks to female visitors, and looking at female visitors in an inappropriate manner. Anderson was accused of harassing an individual based upon her disability. According to Plaintiff, Brown was accused of eating on the job, and not showing up in uniform, and sleeping on the job. Plaintiff also represents a customer asked that Brown be no longer assigned at a particular federal facility. According to Plaintiff, a different customer complained about Hill for requiring individuals to sign in at a federal facility.

Based upon the limited information the Court has about these individuals at this time, the Court will permit evidence related to Bohrn and Anderson, but will exclude evidence related to Brown and Hill. The accusations against Bohrn and Anderson appear similar to the accusation against Plaintiff. However, the allegations against Brown and Hill are not similar to the accusation against Plaintiff. For these reasons, Defendant's motion is granted in part and denied in part.

**(4) Evidence of other legal proceedings or administrative charges against Defendant**

Other than Stanford Fassett's lawsuit, which is also pending in this Court, Defendant asks the Court to exclude evidence of other legal proceedings or administrative charges against Defendant. Plaintiff opposes the motion, arguing Defendant's harm to others is relevant to punitive damages. Plaintiff identifies a charge of discrimination and lawsuit filed by William Vannattan in the United States District Court for the District of Kansas, and states the matter involves allegations of age and disability discrimination.

Although not provided by the parties, the Court acquired and reviewed the Complaint filed in Vannattan's case, No. 2-16-CV-2147, JWL (D. Kan. Mar. 7, 2016). Therein, Vannattan alleges Defendant and two other entities discriminated against him on the basis of his age when it discharged him, and retaliated against him for opposing unlawful employment practices. Vannattan also alleged he was discriminated on the basis of his disability in several respects. Vannattan's allegations against Defendant are dissimilar to Plaintiff's allegations in the case before this Court. There is no allegation of race discrimination, lengthy suspension, or a complaint of harassment against Vannattan. Based upon the information known to the Court at this time, evidence of or testimony about Vannattan's charge of discrimination and lawsuit will not be permitted. Accordingly, Defendant's motion is granted.

**(5) Evidence regarding failure to call an equally available witness or the probable testimony of an absent witness**

Defendant seeks to exclude comment or reference by Plaintiff that Defendant did not call a witness to testify, when that witness is equally available to both parties. Defendant also asks the Court to exclude Plaintiff from speculating as to the probable testimony of any witness who did not testify. Plaintiff does not oppose this motion so long as the motion applies to both parties. Defendant's motion and Plaintiff's request are granted.

**(6)   "Golden Rule" arguments or testimony**

Defendant asks the Court to exclude argument or testimony that the jury should place itself in Plaintiff's position, or the damages be based on a scenario whereby the jurors hypothetically sustain injuries or damages similar to that purportedly sustained by Plaintiff.  In response to Defendant's motion, Plaintiff concedes he will not use the phrase "put yourself in his shoes," and asks that Defendant also be precluded from using that phrase.  Plaintiff also seeks wide latitude in closing argument.

The Court grants Defendant's motion.  The parties are prohibited from asking the jurors to put themselves in the party's position, and arguing the jurors should assess damages based upon a scenario where the jurors hypothetically sustain the injuries and damages Plaintiff sustained.  Plaintiff's request for wide latitude in closing argument is denied at this time because the Court does not have sufficient information to consider the request.

**(7)   Tax implications for damages**

Defendant moves to preclude comments about or reference to any tax implications for a jury award.  Plaintiff does not oppose the motion so long as Defendant does not place the matter in controversy by suggesting Plaintiff's verdict would be tax free or would be a windfall.  Defendant's motion and Plaintiff's request are granted.

**(8)   Evidence regarding settlement negotiations**

Pursuant to Rule 408 of the Federal Rules of Evidence, Defendant asks the Court to exclude evidence regarding settlement negotiations.  Plaintiff does not oppose this motion.  This motion is granted.

**(9)   Evidence or arguments regarding discovery disputes and objections**

Defendant moves to exclude testimony, evidence, and argument concerning alleged delay in or inadequacy of discovery responses, or objections to discovery. Plaintiff does not oppose this motion so long as it applies to both parties.  Defendant's motion and Plaintiff's request are granted.

**(10)    Evidence or statements regarding court orders**

Defendant argues the parties should not be permitted to make arguments or statements regarding the Court's rulings and orders.  Plaintiff does not oppose this motion so long as it applies to both parties.  Defendant's motion and Plaintiff's request are granted.

**(11)    Evidence of punitive damages**

Defendant moves to exclude evidence or argument relating to Plaintiff's claims for punitive damages until the jury has determined punitive damages are warranted. Plaintiff does not oppose Defendant's request to exclude evidence regarding its financial ability to pay unless and until the Court determines Plaintiff has established a submissible claim for punitive damages.  In all other respects, Plaintiff objects to this motion.  Plaintiff argues he should be permitted to introduce evidence of discriminatory intent and Defendant's pattern or practice of discriminating against others to support his punitive damages claim.  Plaintiff also seeks to introduce evidence of Defendant's wantonness or evil motive.  Plaintiff argues it is "impossible to strain the evidence of Defendant's liability for the MHRA evidence from the evidence of Defendant's evil motive."

Defendant's motion is granted in part and denied in part.  The Court will not allow evidence of Defendant's ability to pay unless and until it has determined Plaintiff has established a submissible claim for punitive damages.  With regard to evidence of discriminatory intent, pattern or practice, or motive, the Court is unclear as to what particular evidence Plaintiff seeks to introduce.  If Plaintiff intends to elicit testimony from Defendant's witnesses as to their motives in making the decisions they did, the Court will permit that inquiry.  To the extent Plaintiff intends to offer evidence of pattern or practice, the Court is not inclined to permit such evidence.  Plaintiff has not alleged pattern or practice discrimination, and as noted above, the Court does not have sufficient information regarding what particular evidence Plaintiff intends to offer to show pattern or practice.  Until the Court is provided with sufficient information to consider Plaintiff's request, his request is denied.

## Plaintiff's Motions in Limine

**(1) Any suggestion that Plaintiff must show more than a "contributing factor"**

Plaintiff asks the Court to exclude evidence, suggestion, argument, or inference that he must show his race or his protected activity was more than a contributing factor in Defendant's decisions to establish his claims. Defendant opposes the motion arguing, as it did in reply to the summary judgment motion, the recent amendments to the MHRA, which change the language from contributing factor to motivating factor, should be applied retrospectively. Defendant also asks that it be permitted to use the statutory phrase "because of" in its argument.

This Court previously analyzed and found the August 28, 2017 amendments to the MHRA did not apply retrospectively. Doc. #51, at 4-7. That analysis, which will not be rehashed, applies once again. The parties' arguments must be consistent with the instruction that will be given the jury. That instruction requires Plaintiff to establish his race or protected activity was a "contributing factor" in Defendant's employment decisions. Mo. Approved Instruction 38.01(A) (7th ed. Supp. 2017). Plaintiff's motion is granted. Defendant's request to use the phrase "because of" is denied.

**(2) Any suggestion the government or FPS was at fault**

Plaintiff seeks exclusion of any argument suggesting or testimony eliciting that the responsibility for Defendant's actions should be compared to the government's actions, or the government played a role in the discrimination or retaliation of Plaintiff. Defendant opposes the motion, arguing it was contractually obligated to follow the instructions from the Federal Protective Services ("FPS"); Plaintiff testified he believed FPS made the decision to suspend him, and therefore, discriminated against him; and Plaintiff utilized the cat's paw theory in responding to Defendant's motion for summary judgment, arguing Defendant, although not a decision maker, performed an act motivated by the discriminatory bias of FPS.

The jury is entitled to know about the relationship between FPS and Defendant, the agreement between them, the alleged delay in the investigation by FPS, and the alleged failure by Defendant to follow up with FPS in a reasonable manner. Further, Plaintiff's testimony indicates he believed FPS was at fault. Plaintiff cannot say FPS is

7

at fault during his deposition, but at trial, maintain Defendant is at fault. Plaintiff, of course, can argue Defendant's alleged failure to follow up with FPS demonstrates a contributing factor. Plaintiff's motion is denied.

**(3)     Evidence of Plaintiff's Federal Tort Claims Act claim against FPS**

Plaintiff asks the Court to exclude evidence related to a separate Federal Tort Claims Act ("FTCA") claim against FPS. Defendant opposes the motion, arguing Plaintiff testified he believed FPS made the decision to suspend him and discriminated against him. As such, Defendant argues Plaintiff has opened the door to the issue of whether FPS or Defendant is at fault. Defendant maintains Plaintiff's claim against FPS indicates his belief that FPS suspended him, and discriminated against him.

Although it is unclear from the parties' filings, it appears Plaintiff has filed two matters against two different entities claiming entitlement to the same losses. Also, Plaintiff's testimony also indicates he believes FPS, not Defendant, is at fault. For these reasons, the Court denies Plaintiff's motion. Defendant will be permitted to inquire about and introduce evidence regarding Plaintiff's FTCA claim against FPS. To the extent the theories of recovery are different between the two matters, Plaintiff can make that argument. If either party believes the jury may be confused by the introduction of this evidence, a limiting instruction should be proposed prior to trial.

**(4)     Testimony concerning whether Plaintiff's age or race had anything to do with his hiring**

While there is no dispute as to Plaintiff's age and race at the time of hiring, Plaintiff asks the Court to exclude testimony that his age or race had anything to do with why he was hired. Defendant does not oppose Plaintiff's request with regard to his age because his age claims are no longer pending. But Defendant opposes Plaintiff's motion with regard to his race because Plaintiff's race goes to Defendant's motivation, or lack thereof. The Court agrees with Defendant. Plaintiff's motion is denied. Testimony concerning Plaintiff's race at the time of hiring with Defendant or whether it had anything to do with Defendant's decision to hire Plaintiff will not be excluded.

**(5) Any suggestion that there must be direct evidence of racist comments**

Plaintiff concedes this is not a direct evidence case, and argues that allowing questions about whether anyone made racially offensive statements to or about him would mislead the jury. He contends the jury may believe there must be some sort of racial comment to succeed on a race discrimination claim. In response, Defendant states it does not intend to argue Plaintiff must have direct evidence of discrimination, such as racist comments, to prevail on his discrimination claim. But Defendant argues the non-existence of direct evidence is relevant to whether Defendant discriminated against Plaintiff. The Court agrees with Defendant. Plaintiff's motion is granted in that the parties shall not argue direct evidence is required, but his motion is denied in that Defendant will be permitted to inquire about racist comments, or lack thereof.

**(6) Evidence Plaintiff was not qualified for his position**

Plaintiff asks the Court to exclude evidence that Plaintiff was not qualified for his position. Defendant objects to Plaintiff's motion to the extent it seeks to preclude it from presenting evidence that Plaintiff was not "suitable" when he was suspended. As best the Court can tell, the portion of the Statement of Work that defines "suitability" has not been provided the parties. Regardless, the jury instruction does not require Plaintiff to establish he was qualified for the position. In that regard, Plaintiff's motion is granted. Defendant will not be permitted to present evidence or argue Plaintiff was not qualified for his position. With regard to whether Plaintiff was "suitable" when he was suspended, the Court will consider that request once it has had the opportunity to review relevant portion of the Statement of Work.

**(7) EEOC and MCHR investigation, comments, and conclusions**

Plaintiff asks this Court to prohibit Defendant from offering any comments, conclusions, notes, or documentation of alleged statements by the Equal Employment Opportunity Commission or the Missouri Commission on Human Rights, as well as statements Plaintiff purportedly made to these entities. Defendant does not object to Plaintiff's motion but requests the Court exclude all aspects of the agencies' proceedings. The Court agrees with both parties. Plaintiff's motion and Defendant's

9

request are granted. Nothing in the administrative proceedings shall be introduced or offered. Likewise, counsel shall not make arguments based upon the contents of the administrative proceedings. Notwithstanding this ruling, Plaintiff will be permitted to testify that he filed a charge of discrimination, and the date on which he filed the charge of discrimination.

**(8)  Use of the petition to cross-examine witnesses or argue the case**

Plaintiff believes Defendant will utilize his Petition against him. Plaintiff argues introduction of the Petition and questions about the Petition will cause confusion, could prejudice him, and admission of such evidence or argument is improper. Defendant does not oppose this motion so long as Plaintiff is precluded from doing the same. The Court grants Plaintiff's motion and Defendant's request. Neither party shall use the Petition to cross-examine witnesses or argue his or its case.

**(9)  Evidence of Plaintiff's suspension for the Razorback magnet**

Plaintiff seeks to exclude evidence regarding a one-day suspension he received for placing a Razorback magnet on a window at his work station. Plaintiff argues this situation is not relevant to his claims, and any probative value is outweighed by prejudicial effect. Defendant objects to this motion, arguing evidence of Plaintiff's previous suspension is relevant to his employment record, and shows Plaintiff has been disciplined in the past. The Court agrees with Plaintiff, and grants his motion. Evidence regarding Plaintiff's one-day suspension for placing a Razorback magnet on a window at his work station shall not be introduced.

**(10)  Evidence of collateral source earnings of Plaintiff**

Plaintiff asks the Court to exclude evidence of his earnings from collateral sources – specifically, military disability benefits and unemployment benefits. Defendant opposes this motion to the extent this information becomes relevant by Plaintiff opening the door by testifying about hardships linked his salary loss during his suspension. Defendant takes particular issue with Plaintiff's receipt of unemployment

compensation, arguing that evidence is probative to Plaintiff's alleged emotional distress damages.

"Under the collateral source rule, an employer is entitled to no credit for moneys paid to the injured employee by third parties." *Salitros v. Chrysler Corp.*, 306 F.3d 562, 573 (8th Cir. 2002) (citation omitted). But Defendant cites to a Missouri Supreme Court case wherein the Court found the plaintiff injected the issue of his financial condition (i.e., he could not afford therapy for his back), and therefore, the trial court did not err in allowing the defendant to inquire as to the plaintiff's receipt of collateral sources payments. *Moore v. Mo. Pac. R.R. Co.*, 825 S.W.2d 839, 842-43 (Mo. banc 1992). When a plaintiff volunteers information regarding his financial condition either on direct examination or on cross-examination, the plaintiff "makes the jury aware of his financial condition in connection with a failure to obtain treatment or an attempt to obtain sympathy." *Id.* at 842-43. When a plaintiff inadvertently or purposefully injects his financial condition, the opposing party is permitted "to attack his claims of financial distress by showing that other financial assistance was available." *Id.* at 843; *see also Giddens v. Kan. City S. Ry. Co.*, 937 S.W.2d 300, 305 (Mo. Ct. App. 1996) (citations omitted). The Eighth Circuit has made similar findings. *Lange v. Mo. Pac. R.R. Co.*, 703 F.2d 322, 324 (8th Cir. 1983) (stating "when the plaintiff makes specific reference to collateral source payments on direct examination, the scope of permissible inquiry is set by the direct examination and the usual rules on cross-examination apply.") (citation omitted); *see also Cowens v. Siemens-Elema AB*, 837 F.2d 817, 824 (8th Cir. 1988) (citation omitted).

Based upon the foregoing, the Court grants Plaintiff's motion. However, if Plaintiff injects his financial condition (other than to discuss his lost wages and benefits), Defendant will be permitted to attack Plaintiff's claim of financial distress. With regarding to Plaintiff's concern that the introduction of unemployment benefits or amounts received may confuse the jury, Plaintiff may propose a jury instruction that would limit the purpose of admitting said evidence.

**(11) Expert testimony**

Because Defendant has not identified an expert witness, Plaintiff asks the Court to preclude Defendant from offering any expert testimony at trial. Defendant does not oppose this motion so long as Plaintiff is precluded from offering expert testimony at trial. Plaintiff's motion and Defendant's request are granted.

**(12) Witnesses or evidence not disclosed**

To the extent Defendant did not disclose witnesses or evidence pursuant to Rule 26 of the Federal Rules of Civil Procedure or in discovery responses, Plaintiff asks that those witnesses and evidence be excluded. Plaintiff also contends Defendant should be precluded from calling anyone other than the four individuals listed in its Rule 26(a)(1) disclosures. In general, Defendant does not oppose this motion. Defendant clarifies its Rule 26(a)(1) disclosures also listed "witnesses identified by Plaintiff," and "individuals whose identity is made known throughout the course of discovery." Doc. #60-2. While Defendant should have supplemented its Rule 26(a)(1) disclosures, many witnesses were identified during the course of discovery. For example, witnesses identified in answers to interrogatories have been known. And any witnesses who were deposed have been identified. Plaintiff's motion is granted; however, Defendant will not be limited to the four individuals listed on its Rule 26(a)(1) disclosures, so long as the proffered witness has been identified to Plaintiff during the course of discovery.

**(13) Evidence of the affirmative defense of failure to exhaust**

Plaintiff asks to exclude evidence of the affirmative defense of failure to exhaust administrative remedies. Defendant does not oppose this motion. Accordingly, this motion is granted.

**(14) Evidence of the affirmative defense of statute of limitations**

Plaintiff seeks to exclude evidence related to the statute of limitations affirmative defense. Defendant does not oppose this motion. Accordingly, this motion is granted.

**(15) Evidence or argument that all actions taken by Defendant were taken in good faith or reasonable business judgment based on legitimate reasons**

Plaintiff seeks to prohibit Defendant from setting forth evidence or arguing its decisions with regard to Plaintiff were business judgments or were made in good faith. Defendant opposes the motion, arguing the amendments to the MHRA require the Court to give a business judgment instruction. Defendant also contends that, prior to the amendments, one Missouri appellate court held a trial court would not create reversible error if it decided not to give a business judgment instruction.

As set forth in the Court's Order on the motion for summary judgment, the amendments to the MHRA will not be applied retrospectively. Accordingly, the legislature's directive to give a business judgment instruction does not apply to this matter. In this regard, Plaintiff's motion is granted. However, Defendant is permitted to elicit or introduce evidence setting forth why it made the decisions it did with regard to Plaintiff. In this respect, Plaintiff's motion is denied.

**(16) Evidence of the affirmative defense of failure to mitigate**

Plaintiff argues Defendant, who has the burden of demonstrating failure to mitigate damages, has no evidence that he failed to mitigate his damages. He asks that the Court exclude any argument or reference to the failure to mitigate. Defendant opposes the motion, arguing it properly pleaded this affirmative defense, and a reasonable jury could conclude Plaintiff did not reasonably in trying to mitigate his damages. The Court agrees with Defendant. Plaintiff's motion is denied.

**(17) Any assertion of an affirmative defense not included in Defendant's answer**

Plaintiff asks the Court to exclude evidence of any affirmative defense not included in Defendant's answer. Defendant does not oppose this motion so long as Plaintiff is precluded from presenting evidence or making arguments regarding matters not raised in his Petition. Defendant contends Plaintiff should not be permitted to present evidence related to his vacation allotment because he did not mention anything about a vacation allotment in his Petition. Defendant provides no other examples, and as such, it is unclear what other matters may not have been raised in the Petition.

13

In the Petition, Plaintiff alleged he lost benefits and privileges at work because of Defendant's conduct. Doc. #1-1, ¶¶ 20, 25, 29, 33, 38, 42, 53. The Court believes vacation time is a benefit of employment, and fins the vacation allotment matter was raised in Plaintiff's Petition. Plaintiff's motion is granted, and Defendant's request is denied.

**(18) Any mention of financial adversity or prosperity**

Plaintiff contends evidence or argument about Defendant's financial status should be excluded from trial until a finding of liability for punitive damages is made. Defendant does not oppose this motion. Accordingly, this motion is granted.

**(19) Evidence of dismissed claims**

Plaintiff seeks to preclude evidence, argument, or reference to claims that have been dismissed or claims on which the Court has granted summary judgment. Defendant does not oppose this motion. Accordingly, this motion is granted.

**(20) Speculation or facts of which a witness has no personal knowledge**

Plaintiff asks the Court to exclude testimony that amounts to speculation or conjecture. Defendant does not oppose the motion so long as Plaintiff is precluded from presenting testimony from any witness that amounts to speculation or conjecture. Plaintiff's motion is granted, and Defendant's request is granted.

**(21) Evidence, argument, and inference regarding Plaintiff accessing the legal system, Plaintiff's motives, or Plaintiff's counsel's motives**

Plaintiff argues Defendant should not be permitted to attack Plaintiff's motivation for exercising his legal rights or to impugn Plaintiff's counsel. Defendant does not oppose Plaintiff's request, and agrees to refrain from presenting argument or evidence regarding Plaintiff's decision to obtain counsel, file charges or the lawsuit, using terms such as "lawyer-driven," questioning Plaintiff's motives, or attacking Plaintiff's counsel. However, Defendant objects to any limitation to its ability to talk about the case being about money, particularly with regard to the remedies Plaintiff seeks. Defendant argues

it should not be precluded from arguing the inappropriateness of Plaintiff's request for monetary relief or the absence of proof to support such a request.  Plaintiff's motion is granted.  Defendant's request is also granted.

IT IS SO ORDERED.

DATE: February 26, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT